UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03-cv-12535-RCL

| | |
|---|---|
| CHARLES RASO, TRUSTEE ) | |
| of the MASSACHUSETTS BRICKLAYERS ) | |
| AND MASONS HEALTH AND WELFARE, ) | |
| PENSION AND ANNUITY FUNDS, ) | |
| ) | |
| Plaintiff, ) | C. A. No. |
| ) | |
| v. ) | |
| ) | |
| STONEWORKS BY RAND ) | |
| Defendants. ) | |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act. 29 U.S.C. §1381 et seq., brought on behalf of Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds ("Funds") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3. Plaintiff, Charles Raso, is the Trustee of the Funds and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Funds have a principal office at and are administered from 645 Morrissey Boulevard, Boston, MA.

4. Defendant Stoneworks by Rand ("Rand") is an employer with a place of business in Westbrook, Maine. Defendant is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7).

5. Bricklayers and Allied Craftsmen Local Union No. 3 Eastern Massachusetts is a "labor organization" within the meaning of 29 U.S.C. §152(5).

7. At all material times, Defendant was obligated by the terms of one or more collective bargaining agreements between it and Bricklayers and Allied Craftsmen Local Union No. 3 Eastern Massachusetts and by the terms of Agreements and Declarations of Trust to which Defendants were bound to make contributions on behalf of certain employees to the Funds.

8. Defendant has failed to make required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiff demands that judgment enter against Defendant in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

1. Awarding the Funds the following amounts:

   a. the unpaid contributions;

   b. interest on unpaid contributions at a rate of 1.5% per month from the date payment was due;

   c. liquidated damages pursuant to the collective bargaining agreements;

   d. all costs and reasonable attorney's fees incurred by the Funds in connection with this action;

2. Permanently enjoining the Defendant from violating its obligations under the terms of its collective bargaining agreements with District Council of Eastern Massachusetts

Bricklayers and Allied Craftsmen Local Unions and the Agreements and Declarations of Trust to make timely contributions and reports to the Funds; and

3. Ordering such other and further relief as this court may deem just and proper.

Dated: December 16, 2003

Respectfully submitted,

Catherine M. Campbell
BBO #549397
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109

_____
Attorney for plaintiff

### Certificate Of Service

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated: December 16, 2003

_____
Catherine M. Campbell

3