UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES RASO, TRUSTEE OF THE MASSACHUSETTS BRICKLAYERS AND MASONS HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS,<br><br>  *Plaintiff,*<br><br>*v.*<br><br>RAND STONEWORKS,<br><br>  *Defendant.* | ) ) ) ) ) ) ) )  Civil Action No. 03-12535-RCL ) ) ) ) ) ) ) ) |

**ANSWER OF DEFENDANT, RAND STONEWORKS,**
**TO THE AMENDED COMPLAINT**

  Defendant, Rand Stoneworks, hereby answers the Amended Complaint in this matter and asserts its affirmative defenses.

ANSWERING COUNT I

  1.  Paragraph 1 states legal conclusions to which no response is required.

  2.  Paragraph 2 states legal conclusions to which no response is required.

  3.  Defendant states that Paragraph 3 states legal conclusions to which no response is required, except admits that the Funds have a principal office at 645 Morrissey Boulevard, Boston, Massachusetts.

  4.  Paragraph 4 states legal conclusions to which no response is required, except Defendant admits that Stoneworks by Rand is an Employer with a place of business in Scarborough, Maine.

BO:124065v1

5. Defendant states that Paragraph 5 states legal conclusions to which no response is required, except admits that Rand Stoneworks is an Employer with a place of business in Scarborough, Maine.

6. Paragraph 6 states legal conclusions to which no response is required.

7. Defendant states that Paragraph 7 is vague and therefore incapable of full response in its present form. Responding further, Defendant Rand admits that Defendant Stoneworks signed an "Independent Agreement" with Bricklayers and Allied Craftsmen Local Union No. 3 on November 6, 2001, which agreement speaks for itself.

8. Defendant denies the allegations in Paragraph 8.

## ANSWERING PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested.

## ANSWERING COUNT II

9. Defendant repeats its answers to Paragraphs 1 – 8 of the Amended Complaint as though fully set forth herein.

10. Defendant denies the allegations in Paragraph 10, except admits that there is common, though not identical, ownership and officers.

11. Defendant denies the allegations in Paragraph 11.

12. Paragraph 12 states a legal conclusion to which no response is required and is vague. To the extent that a response may be required, Defendant states that some individuals have performed work for both Rand Stoneworks and Stoneworks by Rand.

13. Defendant admits the allegations in Paragraph 13.

14. Paragraph 14 states a legal conclusion to which no response is required.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent that a response may be required, Paragraph 15 is denied.

## ANSWERING PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, for failure to state a claim upon which relief can be granted.

2. The Complaint fails, in whole or in part, because of the doctrines of laches and/or estoppel.

3. The Complaint fails, in whole or in part, based on the doctrine of accord and satisfaction.

4. Plaintiff's claim for damages is barred, in whole or in part, by a failure to mitigate damages.

5. The Plaintiff funds have not been established, maintained and administered in compliance with ERISA, Section 302 of the Taft-Hartley Act and/or the Internal Revenue Code.

6. The Complaint fails because there is no contract requiring contributions to the Plaintiff Funds with Rand Stoneworks.

Respectfully submitted,

RAND STONEWORKS,
By its attorneys,


/s/:  Daniel J. Blake
Daniel J. Blake, BBO #552922
Heather C. Krauss, BBO #644457
EPSTEIN BECKER & GREEN, P.C.
111 Huntington Avenue, 26th Floor
Boston, MA 02199
 (617) 342-4000

Dated: May 19, 2004



**CERTIFICATE OF SERVICE**

      I, Daniel J. Blake, hereby certify that, on this 19th day of May, 2004, I served one copy of the foregoing document by U.S. Mail on counsel for Plaintiff, Catherine M. Campbell, Fineberg, Campbell, and Zack, P.C., 177 Milk Street, Boston, MA, 02109.



/s/:  Daniel J. Blake
Daniel J. Blake