UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| CHARLES RASO, TRUSTEE<br>of the MASSACHUSETTS BRICKLAYERS<br>AND MASONS HEALTH AND WELFARE,<br>PENSION AND ANNUITY FUNDS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STONEWORKS BY RAND, RAND<br>STONEWORKS<br><br>and<br><br>BOWDOIN CONSTRUCTION<br>CORPORATION<br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 03-12535-RCL |

## SECOND AMENDED COMPLAINT

Count One As Against Defendant Stoneworks by Rand

1.This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et seq., brought on behalf of Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds ("Funds") for damages and injunctive relief arising from unpaid and delinquent contributions.

2.This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3.Plaintiff, Charles Raso, is the Trustee of the Funds and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C.

§1002(37)(A) and "employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Funds have a principal office at and are administered from 645 Morrissey Boulevard, Boston, MA.

4. Defendant Stoneworks by Rand ("Stoneworks") is an employer with a place of business in Scarborough, Maine. Defendant Stoneworks is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7).

5. Defendant Rand Stoneworks ("Rand") is an employer with a place of business in Scarborough, Maine. Defendant Rand is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7).

6. Bricklayers and Allied Craftsmen Local Union No. 3 Eastern Massachusetts ("Local 3") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

7. Defendant Stoneworks is signatory to collective bargaining agreements with Bricklayers and Allied Craftsmen Local Union No. 3 Eastern Massachusetts and agreed to the terms of Agreements and Declarations of Trust in which Defendant Stoneworks was bound to make contributions.

8. Defendant Stoneworks has failed to make required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145.

Count II As Against Defendant Rand

9. Plaintiff hereby sets forth and incorporates by references paragraphs one through eight of this Amended Complaint.

10. Upon information and belief and at all time material to this action, the officers, directors, partners or stockholders of Defendant Stoneworks exercise directly or indirectly a significant degree of ownership, management or control over Defendant Rand.

11. Defendant Rand is bound by the terms and conditions of the collective bargaining agreement between Local 3 and Defendant Stoneworks pursuant to Article 1-C, the Work Preservation Clause.

12. Employees covered by the collective bargaining agreements referred to in Paragraph 7 of this Amended Complaint have been reported on the payroll records of Defendant Rand.

13. Defendant Rand has submitted remittance reports and employee benefit contributions to Plaintiff Funds.

14. Upon information and belief, Defendant Rand is an alter ego of Defendant Stoneworks.

15. Defendant Rand has failed to make required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145.

### Count III as Against Reach and Apply Defendant
### Bowdoin Construction Corporation.

16. Plaintiff hereby sets forth and incorporates by reference paragraphs one through fifteen of this Complaint.

17. Bowdoin Construction Corporation ("Bowdoin") is a duly organized Massachusetts corporation with a usual place of business at 220-1 Reservoir Street, Needham Heights, Massachusetts 02494.

18. Upon recent information and belief, Defendant Stoneworks by Rand has entered into an agreement with Bowdoin Construction Corporation, General Contractor, to perform labor on a project known as "Cypress Lofts Condominium" owned by Boylston-Cypress, LLC, and located at 110 Cypress Street, Brookline, Massachusetts.

19. Pursuant to the collective bargaining agreements between Stoneworks by Rand and Local 3 and the terms of the Agreements and Declarations of Trust, Defendant Stoneworks is required to make contributions to the Plaintiff.

20. Defendant Stoneworks and/or Rand has failed to make contributions to the Plaintiff for work performed on the "Cypress Lofts Condominium" project.

21. Pursuant to its contract with Stoneworks and/or Rand, Reach and Apply Defendant Bowdoin is obligated to make periodic payments to Defendant Stoneworks and/or Rand for work to be provided by Defendant Stoneworks and/or Rand on the "Cypress Lofts Condominium" project.

22. Upon recent information and belief, Stoneworks and/or Rand and Bowdoin are still working on the "Cypress Lofts Condominium" project, and Bowdoin is still making periodic payments to Stoneworks and/or Rand for work provided on the "Cypress Lofts Condominium" project.

23. Plaintiff believes and therefore avers that unless it can reach the funds from Reach and Apply Defendant Bowdoin Construction Corporation, it will be irreparably harmed because if Bowdoin pays the funds over to Stoneworks and/or Rand, the Plaintiff will be unable to recover the contributions owed by Stoneworks and/or Rand.

24. Plaintiff has no knowledge of any real estate or other assets of Defendant Stoneworks and/or Rand that can be reached by Plaintiff.

**WHEREFORE**, Plaintiff prays that:

1. Judgment enter against Defendant Stoneworks and/or Rand in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2), by

    A. Awarding the Funds the following amounts:
    
    1. the unpaid contributions;
    2. interest on unpaid contributions at a rate of 1.5% per month from the date payment was due;
    3. liquidated damages pursuant to the collective bargaining agreements;
    4. all costs and reasonable attorney's fees incurred by the Funds in connection with this action;
    
    B. Permanently enjoining Defendant Stoneworks and/or Rand from violating its obligations under the terms of its collective bargaining agreements with District Council of Eastern Massachusetts Bricklayers and Allied

       Craftsmen Local Union No. 3 Eastern Massachusetts and the Agreements and Declarations of Trust to make timely contributions and reports to the Funds; and

  C. Ordering such other and further relief as this court may deem just and proper.

2. With respect to Reach and Apply Defendant Bowdoin Construction Corporation:

  a. That Reach and Apply Defendant Bowdoin Construction Corporation be forthwith restrained and enjoined from transferring, alienating, or paying Defendant Stoneworks by Rand and/or Rand Stoneworks any sums owed by Reach and Apply Defendant Bowdoin Construction Corporation to Defendant Stoneworks by Rand and/or Rand Stoneworks under its contract on the Cypress Lofts Condominium Project until further order of the Court;

  b. That the Court permit the Plaintiff to reach and apply the funds due or to be due from Reach and Apply Defendant Bowdoin Construction Corporation to Defendant Stoneworks by Rand and/or Rand Stoneworks, to any judgment the Plaintiff recovers against Defendant Stoneworks by Rand and/or Rand Stoneworks; and

  c. Ordering such other and further relief as this Court may deem just and proper.

Dated: September 16, 2004              Respectfully submitted,
                                               Catherine M. Campbell
                                               BBO #549397
                                               Jonathan M. Conti
                                               BBO #657163

>Feinberg, Campbell & Zack, P.C.
>177 Milk Street
>Boston, MA 02109
>
>
>_/S/ Jonathan M. Conti_
>Attorneys for Plaintiff

**Certificate Of Service**

I, Jonathan M. Conti, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to Daniel J. Blake, Esq., and Heather C. Krauss, Esq., Epstein Becker & Green, P.C., 111 Huntington Avenue, 26th Floor, Boston, MA 02199, and Bowdoin Construction Corporation, 220-1 Reservoir Street, Needham Heights, MA 02494.

Dated: September 16, 2004          _/S/ Jonathan M. Conti_
                                   Jonathan M. Conti

**Local Rule 15.1 Certification**

I served, in the manner set forth in Local Rule 15.1 and contemplated by Fed.R.Civ.P. 5(b), the Motion to Amend, Second Amended Complaint, and Memorandum in Support of Motion for Leave to File a Second Amended Complaint, on new party Bowdoin Construction Corporation, 220-1 Reservoir Street, Needham Heights, MA 02494, more than (10) days in advance of filing the Motion, together with a separate document stating the date on which the Motion would be filed.

Dated: September 16, 2004          _/S/ Jonathan M. Conti_
                                   Jonathan M. Conti