UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES RASO, TRUSTEE <br> of the MASSACHUSETTS BRICKLAYERS <br> AND MASONS HEALTH AND WELFARE, <br> PENSION AND ANNUITY FUNDS, <br><br> Plaintiff, <br><br> v. <br><br> STONEWORKS BY RAND, RAND <br> STONEWORKS, <br><br> Defendants. | C. A. No. 03-12535-RCL |

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

This action is brought by Plaintiff on behalf of the Massachusetts Bricklayers and Masons Trust Funds ("the Funds") to recover delinquent contributions owed pursuant to an audit from Defendant Stoneworks by Rand and/or Defendant Rand Stoneworks under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.

Plaintiff now seeks to add a Reach and Apply Defendant to the action. Briefly, contributions are owed to the Funds pursuant to collective bargaining agreements between Bricklayers and Allied Craftsmen Local Union No. 3 Eastern Massachusetts ("Local 3"), and Defendant "Stoneworks by Rand." After learning that remittance reports and payments received by the Funds were submitted by "Rand Stoneworks," and that Stoneworks by Rand and Rand Stoneworks are separately incorporated but related by common ownership and location, Plaintiff amended his complaint to add Rand Stoneworks.

Plaintiff now moves to amend his complaint a second time to add Reach and Apply Defendant Bowdoin Construction Corporation. Upon information and belief, Stoneworks by Rand ("Stoneworks") and/or Rand Stoneworks ("Rand") entered into a contract with General Contractor Bowdoin Construction Corporation to provide labor on a project known as "Cypress Lofts Condominium", located at 110 Cypress Street, Brookline, Massachusetts. Defendant Stoneworks is performing work covered by its collective bargaining agreement with Local 3 on the Cypress Lofts Condominium project, but has failed to make any contributions to the Plaintiff pursuant to the collective bargaining agreements and the Agreements and Declarations of Trust. Pursuant to Defendant Stoneworks and/or Rand's contract with Bowdoin Construction, Bowdon is obligated to make periodic payments to Defendant Stoneworks and/or Rand for work to be provided by Defendant Stoneworks and/or Rand on the Cypress Lofts Condominium project.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court has stated that:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. - - the leave should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The central inquiry in each case is whether an amendment would result in undue prejudice to the defendant. *Alberto-Culver Co. v. Gillette Co.*, 408 F.Supp. 1160 (N.D. Ill. 1976), citing *United States v. Hougham*, 364 U.S. 310, 316 (1960) ("Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.").

A second amendment of the Complaint to add a reach and apply defendant will not pose any undue prejudice to the Defendant at this point in the litigation. Defendant Stoneworks by Rand

and/or Rand Stoneworks owes the Plaintiff for past contributions, as well as contributions for work performed for Reach and Apply Defendant Bowdoin Construction Corporation on the "Cypress Lofts Condominium" project, pursuant to Local 3's collective bargaining agreements and the Agreements and Declarations of Trust to which Defendant Stoneworks and/or Rand is signatory. Under Plaintiff's understanding and belief, Bowdoin Construction Corporation has made and continues to make periodic payments to Defendant Stoneworks by Rand and/or Rand Stoneworks on the "Cypress Lofts Condominium" project, and Plaintiff has no knowledge of any real estate or other assets of Defendant Stoneworks and/or Rand that can be reached by the Plaintiff.

While the Scheduling Order set April 12, 2004 as the deadline for amending the pleadings, Plaintiff did not learn of Defendant Stoneworks' contract with Reach and Apply Defendant Bowdoin Construction Corporation until after the deadline for amending the pleadings had passed.

Plaintiff knows of no real estate or other assets of Defendant Stoneworks and/or Rand that it can reach, and therefore believes that unless it can reach and apply the funds from Bowdoin Construction Corporation, it will be irreparably harmed. If Bowdoin pays the funds over to Stoneworks and/or Rand, the Plaintiff will be unable to recover the contributions owed by Stoneworks and/or Rand.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff requests the Motion for Leave to Amend Complaint for the Second Time be granted.

Dated: September 16, 2004　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　For the Plaintiff,

　　　　　　　　　　　　　　　　　　　　 /S/ Jonathan M. Conti
　　　　　　　　　　　　　　　　　　　　Catherine M. Campbell
　　　　　　　　　　　　　　　　　　　　BBO# 549397
　　　　　　　　　　　　　　　　　　　　Jonathan M. Conti
　　　　　　　　　　　　　　　　　　　　BBO# 657163
　　　　　　　　　　　　　　　　　　　　Feinberg, Campbell & Zack, PC
　　　　　　　　　　　　　　　　　　　　177 Milk Street
　　　　　　　　　　　　　　　　　　　　Boston, MA 02109
　　　　　　　　　　　　　　　　　　　　(617) 338-1976

### Certificate Of Service

I, Jonathan M. Conti, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to Daniel J. Blake, Esq., and Heather C. Krauss, Esq., Epstein Becker & Green, P.C., 111 Huntington Avenue, 26th Floor, Boston, MA 02199, and Bowdoin Construction Corporation, 220-1 Reservoir Street, Needham Heights, MA 02494.

Dated: September 16, 2004　　　　　　　　 /S/ Jonathan M. Conti
　　　　　　　　　　　　　　　　　　　　Jonathan M. Conti

### Local Rule 15.1 Certification

I served, in the manner set forth in Local Rule 15.1 and contemplated by Fed.R.Civ.P. 5(b), the Motion to Amend, Second Amended Complaint, and Memorandum in Support of Motion for Leave to File a Second Amended Complaint, on new party Bowdoin Construction Corporation, 220-1 Reservoir Street, Needham Heights, MA 02494, more than (10) days in advance of filing the Motion, together with a separate document stating the date on which the Motion would be filed.

Dated: September 16, 2004　　　　　　　　 /S/ Jonathan M. Conti
　　　　　　　　　　　　　　　　　　　　Jonathan M. Conti