UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES RASO, TRUSTEE OF THE MASSACHUSETTS BRICKLAYERS AND MASONS HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS,<br><br>  *Plaintiff,*<br><br>v.<br><br>RAND STONEWORKS,<br><br>  *Defendant.* | Civil Action No. 03-12535-RCL |

**ANSWER OF DEFENDANT, RAND STONEWORKS,
TO THE SECOND AMENDED COMPLAINT**

  Defendant, Rand Stoneworks, hereby answers the Second Amended Complaint in this matter and asserts its affirmative defenses.

ANSWERING COUNT I

  1. Paragraph 1 states legal conclusions to which no response is required.

  2. Paragraph 2 states legal conclusions to which no response is required.

  3. Defendant states that Paragraph 3 states legal conclusions to which no response is required, except admits that the Funds have a principal office at 645 Morrissey Boulevard, Boston, Massachusetts.

  4. Paragraph 4 states legal conclusions to which no response is required, except Defendant admits that Stoneworks by Rand is an employer with a place of business in Scarborough, Maine.

5. Defendant states that Paragraph 5 states legal conclusions to which no response is required, except admits that Rand Stoneworks is an employer with a place of business in Scarborough, Maine.

6. Paragraph 6 states legal conclusions to which no response is required.

7. Defendant states that Paragraph 7 is vague and therefore incapable of full response in its present form. Responding further, Defendant Rand admits that Defendant Stoneworks signed an "Independent Agreement" with Bricklayers and Allied Craftsmen Local Union No. 3 on November 6, 2001, which agreement speaks for itself.

8. Defendant denies the allegations in Paragraph 8.

## ANSWERING COUNT II

9. Defendant repeats its answers to Paragraphs 1 – 8 of the Second Amended Complaint as though fully set forth herein.

10. Defendant denies the allegations in Paragraph 10, except admits that there is common, though not identical, ownership and officers.

11. Defendant denies the allegations in Paragraph 11.

12. Paragraph 12 states a legal conclusion to which no response is required and is vague. To the extent that a response may be required, Defendant states that some individuals have performed work for both Rand Stoneworks and Stoneworks by Rand.

13. Defendant admits that Rand Stoneworks was misidentified as the employer on certain remittance reports and that Defendant Rand paid certain contributions owed by Defendant Stoneworks.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent that a response may be required, Paragraph 14 is denied.

15.     Paragraph 15 states a legal conclusion to which no response is required. To the extent that a response may be required, Paragraph 15 is denied.

### ANSWERING COUNT III

16.     Defendant repeats its answers to Paragraphs 1 through 15 of the Second Amended Complaint as though fully set forth herein.

17.     Defendant denies knowledge or information sufficient to form a belief as to Bowdoin's corporate status, but admits the address alleged.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant admits that Stoneworks is required to make contributions to the Plaintiff on any covered work.

20.     Defendant admits it has not made contributions on its own behalf, but denies that it has a legal duty to make such contributions.

21.     Defendant admits the allegations in Paragraph 21, but denies that Stoneworks has a contract with Bowdoin or that Bowdoin is obligated to make payments to Stoneworks.

22.     Defendant Rand denies that it is working on the Cypress Lofts Condominium project, but admits that a payment is owed to it for work previously performed.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant denies knowledge or information concerning Plaintiff's knowledge.

### ANSWERING PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested.

### AFFIRMATIVE DEFENSES

1.     The Complaint fails, in whole or in part, for failure to state a claim upon which relief can be granted.

  2. The Complaint fails, in whole or in part, because of the doctrines of laches and/or estoppel.

  3. The Complaint fails, in whole or in part, based on the doctrine of accord and satisfaction.

  4. Plaintiff's claim for damages is barred, in whole or in part, by a failure to mitigate damages.

         Respectfully submitted,

         RAND STONEWORKS,
         By its attorneys,

         /s/: Daniel J. Blake
         Daniel J. Blake, BBO #552922
         Heather C. Krauss, BBO #644457
         EPSTEIN BECKER & GREEN, P.C.
         111 Huntington Avenue, 26th Floor
         Boston, MA 02199
         (617) 342-4000

Dated: November 17, 2004

### CERTIFICATE OF SERVICE

  I, Daniel J. Blake, hereby certify that, on this 17th day of November, 2004, I served one copy of the foregoing document by U.S. Mail on counsel for Plaintiff, Catherine M. Campbell, Fineberg, Campbell, and Zack, P.C., 177 Milk Street, Boston, MA, 02109.

         /s/: Daniel J. Blake
         Daniel J. Blake

BO:136851.1